**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LORENZO FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:24-cv-11250 |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION d/b/a AMTRAK, | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Lorenzo Fields ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against National Railroad Passenger Corporation d/b/a Amtrak ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendant's race-based discrimination, race-based harassment, as well as Defendant subjecting Plaintiff to sexual-orientation based harassment, Defendant's discrimination on the basis of Plaintiff's sexual orientation, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. A charge of employment discrimination was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Lorenzo Fields, resides in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, National Railroad Passenger Corporation d/b/a Amtrak, is a corporation doing business in and for Cook County whose address is 1500 South Lumber Street, Suite 4, Chicago, IL 60607-5211.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. Plaintiff was hired by Defendant as a Train Attendant on or about August 15, 2023.

12. Since at least August 2023 through January 26, 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected classes and has subjected Plaintiff to a hostile work environment on the basis of race and sexual orientation, violating Title VII and Section 1981.

13. Plaintiff is African American and is a member of a protected class because of his race, whom Defendant subjected to different terms and conditions of employment than others not within Plaintiff's protected class.

14. Plaintiff further identifies as Gay and is a member of a protected class because of his sexual orientation.

15. Plaintiff began his training with Defendant in or around August 2023, with a mandatory 120-day period required to secure permanent job status with Defendant.

16. While Plaintiff's training period should have concluded in or around December 2023, the completion date was unexpectedly delayed to January 2024.

17. In early January 2024, Plaintiff approached his supervisor, Dominique (LNU), to discuss his progress and express his eagerness to take on more trips, which were essential for his development and eligibility for permanent status.

18. Although Dominique confirmed that Plaintiff was progressing well through his training, going so far as to describe him as a diligent worker and fast learner, she would continue to deny Plaintiff further training opportunities, and instead assigned trips to other trainees she personally favored.

19. Throughout January 2024, Plaintiff reached out to Dominique several times, further

expressing his desire to continue training.

20. On at least one occasion, Dominique responded with hostility, telling Plaintiff, "Don't call me; I'll call you," in a rude and dismissive tone.

21. Dominique's unwillingness to assign Plaintiff trips hindered his ability to complete his training requirements, blocking his path toward permanent employment.

22. On or about January 26, 2024, Plaintiff received a termination letter from Defendant.

23. Soon after, Plaintiff learned from a co-worker, Koya (LNU), that Dominique had admitted to another employee that she "doesn't like Black gay guys," indicating that her refusal to provide Plaintiff with equal training opportunities, and her role in Plaintiff's termination, were motivated by discriminatory bias.

24. Following his termination, Plaintiff spoke with Defendant's Operations Manager, Kimi Jenkins, who would acknowledge Plaintiff's excellent work ethic but ultimately attributed his dismissal to "personal personality/attitude issues," a statement Plaintiff believes was merely pretext for Defendant's discriminatory actions.

25. Ultimately, on or about January 26, 2024, Plaintiff was terminated on the basis of Plaintiff's race, sexual orientation, and for engaging in protected activity as described above.

26. Plaintiff met or exceed Defendant's performance expectations during the entire duration of his employment.

27. Plaintiff was retaliated against, and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

28. Plaintiff reported the race-based discrimination and/or harassment to Defendant.

29. Plaintiff was targeted for termination because of their race.

30. Plaintiff reported the sexual orientation-based discrimination and/or harassment to Defendant.

31. Plaintiff was targeted for termination because of their sexual orientation and reporting of illegal activity.

32. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

33. There is a basis for employer liability for the race-based and sexual orientation-based harassment that Plaintiff was subjected to.

34. Plaintiff can show that they engaged in statutorily protected activity –a necessary component of their retaliation claim- because Plaintiff lodged complaints directly to their manager about the harassment.

**COUNT I**
**Violation of 42 U.S.C. § 1981**
**(Race-Based Discrimination)**

35. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

37. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

38. Plaintiff was subjected to and harmed by Defendant's systemic and individual

discrimination.

39. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

40. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Discrimination)**

41. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

43. Plaintiff met or exceeded performance expectations.

44. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

45. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

46. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race.

47. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

48. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of

enjoyment of life.

**COUNT III**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Race-Based Harassment)**

49. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

51. Defendant knew or should have known of the harassment.

52. The race-based harassment was severe or pervasive.

53. The race-based harassment was offensive subjectively and objectively.

54. The race-based harassment was unwelcome.

55. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's race, African American.

56. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

57. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IV**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Retaliation)**

58. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

59. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

60. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to

7

Defendant about conduct that constituted race discrimination or race-based harassment.

61.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

62.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination or harassment.

63.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

64.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

65.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

66.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

67.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**<u>COUNT V</u>**
**Violation of Title VII of the Civil Rights Act**
**(Sexual Orientation-Based Harassment)**

68.     Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

69.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual orientation-based harassment, in violation

8

of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

70. Defendant knew or should have known of the harassment.

71. The sexual orientation-based harassment was severe or pervasive.

72. The sexual orientation-based harassment was offensive subjectively and objectively.

73. The sexual orientation-based harassment was unwelcome.

74. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sexual orientation, Gay.

75. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

76. As a direct and proximate result of the sexual orientation-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VI
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sexual Orientation-Based Discrimination)

77. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

78. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sexual orientation, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

79. Plaintiff met or exceeded performance expectations.

80. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

81. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sexual

9

orientation.

82.     Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sexual orientation.

83.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

84.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VII
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

85.     Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

86.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

87.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual orientation-based harassment or sexual orientation-based discrimination.

88.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

89.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual orientation-based harassment or sexual orientation-based discrimination.

90.     Defendant also failed to take necessary precautions to prevent further recurrences

of the discriminatory and harassing conduct complained of by Plaintiff.

91. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

92. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual orientation-based harassment or sexual orientation-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

93. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

94. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## <u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

     a. Back pay with interest;

     b. Payment of interest on all back pay recoverable;

     c. Front pay;

     d. Loss of benefits;

     e. Compensatory and punitive damages;

     f. Reasonable attorneys' fees and costs;

     g. Award pre-judgment interest if applicable; and

     h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 31st day of October, 2024.

/s/ *Alexander J. Taylor*
**Alexander J. Taylor, Esq.**
Sulaiman Law Group Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8181
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*